IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1568-03






HUMBERTO RODRIGUEZ, JR., Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


HIDALGO COUNTY





 Johnson, J., delivered the unanimous opinion of the Court.


O P I N I O N 



 Appellant was convicted of aggravated kidnapping and capital murder. The jury sentenced him
to twenty-eight years' confinement for the aggravated kidnapping, and life imprisonment for the capital
murder, (1) in which the aggravating factor was kidnapping. On appeal, the court of appeals reversed the
capital murder conviction, holding that Texas did not have territorial jurisdiction over the offense. 
Rodriguez v. State, No. 13-00-771-CR, 2003 Tex. App. LEXIS 6962 (Tex. App. - Corpus Christi,
August 14, 2003). On the state's petition for discretionary review, we are asked to consider whether this
holding is correct. Because the kidnapping was an element of the capital murder and the kidnapping
occurred in Texas, we hold that the jurisdictional requirements of Tex. Pen. Code §1.04(1) are met, and
we reverse the judgment of the court of appeals as to the capital murder. 

 Appellant participated in a conspiracy to kidnap Hector Salinas, a potential government witness
in a pending federal drug trial. (2) Salinas was taken from his used-clothing store in McAllen, Texas, and
transported to Mexico, where he was tortured and killed. 

 Section 1.04(a)(1) of the Texas Penal Code provides for territorial jurisdiction "if either the conduct
or a result that is an element of the offense occurs inside this state." We read this language in a manner that
avoids ambiguity and absurd results. Thus, we hold that the phrase "that is an element of the offense" applies
to both "conduct" and "result." 

 Section 1.04(b) also defines the result element: "If the offense is criminal homicide, a 'result' is either
the physical impact causing death or the death itself." It is undisputed that the result element of this murder
did not occur in Texas. Thus, territorial jurisdiction in this case depends on whether one or more of the
conduct elements occurred in Texas. 

 To answer this question, the court of appeals looked to the Texas capital-murder statute, which
reads in applicable part: 

 (a) A person commits an offense if the person commits murder as defined under Section
19.02(b)(1) and:

* * *

 (2) the person intentionally commits the murder in the course of

 committing or attempting to commit kidnapping, burglary, robbery,

 aggravated sexual assault, arson, obstruction or retaliation, or

 terroristic threat under Section 22.07(a)(1), (3), (4), (5), or (6)[.]

 

Tex. Penal Code § 19.03. 

 Tex. Penal Code § 19.02(b)(1), in turn reads:

 (b) A person commits an offense if he:

 (1) intentionally or knowingly causes the death of an individual. The court of appeals attached great significance to the fact that the capital-murder statute refers to
the murder statute and incorporates it by reference, rather than setting out the elements of murder separately:

 Because the penal code's capital murder provision explicitly directs us to its murder
provision, we hold that the offense of murder or an element of murder (either the conduct
or a result) must be committed within this state in order for Texas to have jurisdiction over
the offense of capital murder.


Rodriguez v. State, No. 13-00-771-CR, 2003 Tex. App. LEXIS 6962 at *8. Because none of the
elements of the murder occurred in Texas, the court of appeals held that this state was without jurisdiction
over the capital murder. 

 The state argues that the reference to § 19.02(b)(1) merely shows an intent by the legislature to limit
the application of capital murder to cases in which the defendant "intentionally or knowingly cause[s] the
death of an individual," thus preventing murders committed with lesser levels of intent from being elevated
to capital murder. (3) 

 The state's argument is supported by the inclusion in § 19.03(a)(2) of limitations on the use of
terroristic threat for the required aggravating factor: placing a single person in fear of bodily injury is
excluded, while threats which imperil numbers of people, emergency workers, or the functioning of
government or public services may constitute the aggravating conduct. After reviewing the aggravating
factors set out in §19.03(a)(1-8), we are persuaded that the legislature's inclusion of the elements of §
19.02(b)(1) in the capital-murder statute by reference only was not intended to require that the murder be
committed in Texas, but was an expression of the legislature's desire to limit capital murder to intentional
and knowing murders that are committed in circumstances that the legislature found particularly egregious. 

 In Patrick v. State, 906 S.W.2d 481(Tex. Crim. App. 1995), this Court discussed the elements
that the state is required to prove in a prosecution for capital murder:

 In proving capital murder, the State must prove that the accused intentionally or knowingly
caused the death of an individual and also that the accused engaged in other criminal
conduct (i.e., kidnapping, robbery, aggravated sexual assault, escape from a penal
institution) or had knowledge of certain circumstances (i.e., that the victim was a peace
officer). We have therefore recognized that capital murder is a result of conduct offense
which also includes nature of circumstances and/or nature of conduct elements depending
upon the underlying conduct which elevates the intentional murder to capital murder.


Patrick, 906 S.W.2d at 491, citing Hughes v. State, 897 S.W.2d 285 (Tex.Crim.App.1994). Thus,
under our case law, the aggravating "nature of circumstances and/or nature of conduct elements" are
elements of the offense of capital murder. See also, Reyes v. State, 84 S.W.3d 633, 636 (Tex. Crim. App.
2002).

 In this case, the state alleged and proved murder in the course of kidnapping. The kidnapping was
the required aggravating "nature of conduct" element that elevated the offense from murder to capital
murder. The kidnapping occurred in Texas, thus Texas has territorial jurisdiction over the offense under
Section 1.04(a)(1) of the Penal Code. 

 We reverse the judgment of the court of appeals as to the capital-murder conviction, and remand
the matter to that court for further action consistent with this opinion.


 Johnson, J.

Delivered: October 13, 2004

Publish
1. The state did not seek the death penalty.
2. After Salinas' disappearance, all seven defendants were acquitted.
3. The other articulated ways of committing murder, set out in §§19.02(b)(2) and (3), require that a person

 (2) intends to cause serious bodily injury and commits an act clearly

 dangerous to human life that causes the death of an individual; or

 (3) commits or attempts to commit a felony, other than manslaughter,

 and in the course of and in furtherance of the commission or attempt,

 or in immediate flight from the commission or attempt, he commits or

 attempts to commit an act clearly dangerous to human life that causes

 the death of an individual.

 Tex. Penal Code § 19.02